ALTENBERND, Judge.
Esther Dye appeals the final judgment that dissolved her marriage to Todd W. Dye. We reverse only the award of child support and remand that issue for further consideration. In so doing, we conclude the final judgment does not accurately reflect the ruling that the trial court intended to announce.
The parties have three young children. Mrs. Dye has primary custody of these children, and her present employment opportunities are limited. The husband’s financial affidavit, filed shortly before trial, reflects a net monthly income of $1218. Based on this affidavit and without considering any income from the wife, the child support guidelines recommend an award of $528 per month for the three children. § 61.30, Fla.Stat. (1991). The record con *942 tains a written calculation of child support that is based on a modest additional income from the wife. This calculation recommends child support from the husband of $507.
Shortly after the final hearing, the trial court sent the attorneys a letter announcing its decision and asking the husband’s attorney to prepare an order. In the letter, the trial court stated: “Child support shall be a guidelines amount which I calculate due from the husband of $50.00 per month.” Based on this letter, the attorney prepared an order which left a blank for child support per week. Without indicating any change in its decision, the trial court filled in the blank for weekly support with the $50 it had awarded in its letter as monthly support.
It seems clear that $50, whether weekly or monthly, is not “a guidelines amount” under any version of the evidence in this case. We suspect that the trial court intended to award $500 per month and that a typographical error was made in the letter. Accordingly, we reverse the child support award and remand so the trial court can reconsider the issue of child support.
Affirmed in part, reversed in part, and remanded with directions.
RYDER, A.C.J., and PARKER, J., concur.